UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 07 CR 851-2 |
| | ) | Honorable Robert W. Gettleman |
| Salvador GARCIA | ) | |
| Defendant | ) | |

**MOTION FOR SEVERANCE**

Defendant Salvador GARCIA, by his attorney Steven Shanin, respectfully moves this Court for an order, pursuant to Federal Rules of Criminal Procedure 8(b) and 14, severing defendant on the grounds of misjoinder and prejudicial joinder. In support of the motion, defendant states as follows:

Defendant GARCIA is charged in Counts Counts 1, 2, 3, and 6. Count One alleges, among other charges, a violation of Title 21, United States Code, § 846, conspiracy to violate Title 21, United States Code, § 841(a)(1). Counts 2, 3 and 6 refer to violations of Title 21, United States Code, § 841(a)(1).

The indictment under which Defendant GARCIA is charged also charges eight other defendants. One or more of the co-defendants may give inculpatory statements which may be inadmissible as to Mr. GARCIA. That, plus probable testimony by cooperating witnesses, some of whom may be added in a Superceding Indictment as co-defendants will most likely present conflicting defenses.

If conflicting defenses are presented, the failure of one or more of the co-defendants to

1

testify will likely cause the jury to draw improper inferences from the co-defendant's silence.

The Seventh Circuit, in a Illinois habeas decision involving antagonistic defenses and severance, explained as follows:

"... the defendants had antagonistic defenses and that if Santisteven testified at Hernandez's, trial he would fill the void in the government's case against Hernandez. The district judge rightly concluded ... that the... state trial judge, if properly advised of the situation, would have severed the trial of the two defendants. See People v. Bean, 109 Ill. 2d 80, 485 N.E.2d 349, 355, 92 Ill. Dec. 538 (Ill. 1985); People v. Rodriguez, 289 Ill. App. 3d 223, 680 N.E.2d 757, 766, 223 Ill. Dec. 807 (Ill. App. 1997); see also Williams v. Washington, supra, 59 F.3d at 683 (discussing Illinois severance law). Not because severance is automatic under either Illinois or federal law, Zafiro v. United States, 506 U.S. 534, 539, 122 L. Ed. 2d 317, 113 S. Ct. 933 (1993), ...but because when the nature of the antagonism is such as to make one defendant the accuser of the other, so that the other has to defend not only against the state's evidence but also against testimony offered by his fellow defendant, the Illinois courts order severance. E.g., People v. Bean, supra, 485 N.E.2d at 355.
"...we must consider whether there was a reasonable probability ( Strickland v. Washington, 466 U.S. 668, 694, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)) that the severance would have made a difference to the outcome of the trial."   --<u>Ramiro Hernandez, Petitioner-Appellant, v. Roger D. Cowan, Warden, Responsent-Appellee</u>, 2000 U.S.App.Lexis 5,  (7th Cir. dec'd January 3, 2000)

Even where defendants are not misjoined under Rule 8 (b), this Court may grant a severance of counts or defendants and order a separate trial pursuant to Rule 14 of the Federal Rules of Criminal Procedure if joinder would prejudice the government or the defendant and if "justice (so) requires." <u>Zafiro v. United States</u>, 506 U.S. 534, 122 L. Ed. 2d 317, 113 S. Ct. 933 (1993) at 933, 937. Thus, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." Id., <u>Zafiro</u>,  at 938. Rule 14 must be read in conjunction with Rule 2 of the Federal Rules of Criminal Procedure which advises courts that the rules are to be interpreted to "provide for the just determination of

every criminal proceeding." See, <u>United States v. Andrews</u>, 754 F. Supp. 1161, 1168 (N.D. Ill. 1990).

Again, Prejudicial Joinder is the title and points to the underlying unfairness Rule 14 of the Federal Rules of Criminal Procedure is designed to guard against.

WHEREFORE Defendant GARCIA respectfully requests this Court to order the government to bring superseding indictments, severing defendant GARCIA and charging him in a separate indictment.

Respectfully submitted,

Steven R. Shanin
Attorney for Salvador GARCIA

Steven R. Shanin
53 West Jackson Boulevard, suite 920
Chicago, Illinois  60604
312 697-0000  FAX 312 939-0054
sshanin@federallaw.us